UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLINTON TAYLOR,

       Petitioner,

v.                                                        Case No. 1:07-CV-1140

JOHN PRELESNIK,                       HON. GORDON J. QUIST

       Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Petitioner, Clinton Taylor, has filed Objections to the report and recommendation dated February 8, 2011, in which Magistrate Judge Brenneman recommended that Petitioner's habeas petition be denied. Petitioner raised the following claims in his petition:

    I.      The defendant was unlawfully deprived of the effective assistance of trial counsel when trial counsel failed to raise and preserve the insanity defense.

    II.     The trial court deprived the defendant of his due process and equal protection rights to a fair trial when it denied defense motions to refer the defendant for competency exam, when it unlawfully admitted in violation of its own in limine order barred [] prior acts evidence relating to another alleged child victim or in the alternative permitted the prosecutor to commit unlawful misconduct requiring reversal, and when it denied his motion for new trial.

    III.    The trial court unlawfully deprived the [petitioner] of his rights under the U.S. and Michigan Constitutions to present a defense when it barred him from introducing evidence [of] a tape of a phone call between him and his daughter in which she stated none of the alleged sexual acts took place.

    IV.    The trial court reversibly erred in scoring 15 points on OV-10 and in scoring 10 points on OV-19.

    V.     The trial court violated the United States and Michigan Constitutions in sentencing the defendant to a prison term of 210 months to 30 years on the CSC I convictions and to a prison term of 100 months to 15 years on the CSC 2 conviction.

    VI.    Prosecutorial misconduct

    VII.   Insufficiency of the evidence

VIII. Ineffective assistance of counsel.

The magistrate judge considered each of these grounds and concluded that they lack merit.

After conducting a *de novo* review of the report and recommendation, Petitioner's Objections, and the pertinent portions of the record, the Court concludes that the report and recommendation should be adopted and the petition denied.

Pursuant to 28 U.S.C. § 636(b)(1), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." In addition, Local Rule 72.3(b) requires a party objecting to a report and recommendation to "file and serve written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b). The Sixth Circuit has held that objections to a report and recommendation must be specific. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Drew v. Tessmer*, 36 F. App'x 561 (6th Cir. 2002).

In this case, while Petitioner reiterates the arguments he raised before the magistrate judge, he does not address the magistrate judge's reasons as to why each claim fails. Rather, Petitioner merely cites the grounds for his petition and raises the same arguments he raised before the magistrate judge, offering nothing new that suggests the magistrate judge's conclusions are erroneous. In fact, nowhere in his Objections does Petitioner reference any of the magistrate judge's specific findings or conclusions. And, having reviewed the magistrate judge's conclusions as to each ground, the Court concurs with those conclusions and finds no reason to reject the report and recommendation.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Therefore, the Court has considered Petitioner's claims, including his objections, under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's denial of Petitioner's claims was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued February 8, 2011 (docket no. 31) is **APPROVED AND ADOPTED** as the Opinion of this Court, and Petitioner's Objections (docket no. 32) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED**.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED** by this Court.

A separate judgment will issue.

Dated: March 23, 2011 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE